IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

MONCLAIR HENDERSON-EL,

           Defendant.

ORDER

08-cv-219-bbc
04-cr-162-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Monclair Henderson-El has filed a motion under 28 U.S.C. § 2255 to set aside his conviction. He contends that it is improper in four respects: (1) he was not charged with an offense prohibited by federal law; instead, he was charged in count 4 of the indictment with *delivering* cocaine base under 21 U.S.C. § 841(a)(1), which makes it unlawful for persons to *distribute* controlled substances but says nothing about delivering; (2) his attorney was constitutionally ineffective because he did not challenge count 4 for failing to charge an offense; (3) the government engaged in prosecutorial misconduct when its attorney knowingly and willfully charged defendant with possession with intent to *deliver* a controlled substance; and (4) the court failed to advise defendant of the nature of the elements of the

1

crime to which he was pleading guilty.

Unfortunately for defendant, he cannot raise these claims on a motion for postconviction relief because he had a chance to do so on appeal and failed to take advantage of it. He cannot use a § 2255 motion as a substitute for direct appeal. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996) (citing Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989)). "An issue not raised on direct appeal is barred from collateral review absent a showing of both *good* cause for failure to raise claims on direct appeal and actual *prejudice* from the failure to raise those claims or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." Id. (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Defendant has not made any showing of cause for his failure to raise his claims on direct appeal. (He was not represented on appeal by the same attorney who represented him at trial so he cannot claim any impediment to challenging the adequacy of his trial counsel's representation.) He does not discuss prejudice either, but it is evident that he did not suffer any from not raising the claims on appeal. First, the difference between delivering and distributing is negligible; in fact, proof of distribution requires proof of delivery to at least one other person. Had defendant raised the point in the trial court, the government could and would have amended the indictment immediately. Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."); see also United States v. Macedo, 406 F.3d 778, 785 (7th Cir. 2005) (error in indictment

that does not go to element of crime but is typographical in nature affords defendant proper notice of charges and does not prejudice him; finding no prejudicial error in indictment that listed drug as schedule III, rather than schedule II); United States v. Leichtnam, 948 F.2d 370, 376 (7th Cir. 1991) (indictment may be amended without resubmission to grand jury to correct for typographical or clerical error or for misnomer); United States v. Field, 875 F.2d 130, 133-34 (7th Cir. 1989) (judicial amendments to indictment are permissible if they do not change material element of indictment so as to cause prejudice to defendant).

Second, defendant agreed at the plea hearing that the government could prove that he was guilty of possessing cocaine base with the intent to distribute it. Transcript, dkt. #77, at 16. In short, defendant has shown no reason for overturning his conviction.

ORDER

IT IS ORDERED that defendant Monclair Henderson's motion for postconviction

relief under 28 U.S.C. § 2255 is DENIED.

Entered this 12th day of May, 2008.

BY THE COURT:

\_\_\_/s/_____
BARBARA B. CRABB
District Judge