IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                               ORDER

            Plaintiff,

                                          04-cr-162-jcs

   v.                                          08-cv-219-bbc

MONCLAIR HENDERSON-EL,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Monclair Henderson-El has filed an application for a certificate of appealability from the court's March 25, 2010 order construing defendant's Rule 60 motion as a subsequent motion brought pursuant to 28 U.S.C. § 2255 and dismissing it for lack of jurisdiction. Defendant has not filed a notice of appeal, but I will construe defendant's application for a certificate of appealability as including such a notice. Additionally, defendant has not paid the $455 fee that is required if he is to take an appeal from the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Therefore, I will also construe defendant's motion as including a request for leave to proceed in forma pauperis on appeal under 28 U.S.C. § 1915.

1

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." I do not need to decide whether defendant is indigent because I am certifying that the appeal is not taken in good faith. In this case a reasonable person could not suppose that the appeal has some merit, as is required in order for the appeal to be taken in good faith.

The law is clear on the subject of successive appeals. It is not debatable that defendant may not file a second motion to vacate his sentence under 28 U.S.C. § 2255 without obtaining advance permission to do so from the court of appeals. Therefore, I will deny defendant's request to proceed in forma pauperis on appeal.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker

2

v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Defendant's challenge to his sentence does not meet the demanding standard for a certificate of appealability.  There is no support anywhere in the law for defendant's arguments.  Because reasonable jurists would not disagree about this conclusion,  I must deny defendant's request for a certificate of appealability.

Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.


ORDER

IT IS ORDERED that defendant Monclair Henderson-El's request to proceed in forma pauperis on appeal and for a certificate of appealability are DENIED.

Further, IT IS ORDERED that if defendant files any further documents in this case, the clerk of court is directed to forward them to chambers before filing them.  If I determine that the document includes a challenge to defendant's conviction or sentence and is not accompanied by an order of the Court of Appeals for the Seventh Circuit permitting the

filing, then I will place the document in the file of this case and make no response to it.

Entered this 19th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge